TRIBUNAL DE APELACIONES
**PANEL II**

| | | |
|---|---|---|
| COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO, ORIENTAL BANK, JOSÉ MANUEL IGLESIAS COLÓN<br><br>Parte Peticionaria<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO POR CONDUCTO DE LA HONORABLE DENNISE LONGO QUIÑONEZ, SECRETARIA DE JUSTICIA DESIGNADA, ESTADO LIBRE ASOCIADO DE PUERTO RICO, SECRETARIA DE JUSTICIA<br><br>Parte Recurrida | TA2025CE00447 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2019CV05676<br><br>Sala: 504<br><br>Sobre: Impugnación de Confiscaciones (Ley Núm. 119-2011) |

Panel integrado por su presidenta, la Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Comparece ante *nos* Oriental Bank (peticionaria) y nos solicita que revisemos una *Resolución Interlocutoria* emitida el 26 de junio de 2025 y notificada el 27 de junio de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* la *Moción Solicitando Sentencia Sumaria* que presentó la parte peticionaria.

Por los fundamentos antes expuestos, se *deniega* la expedición del auto de *certiorari*.

**I.**

Surge del expediente ante *nos* que, el 25 de septiembre de 2019, la parte peticionaria presentó una *Demanda* en contra del Gobierno de Puerto Rico (recurrida) sobre impugnación de confiscación. En ajustada síntesis, alegó que la parte recurrida, a través de la Policía de Puerto Rico, ocupó un vehículo de motor Ford Mustang del año 2017 con tablilla JBY-099, perteneciente a José Iglesias Colón. Indicó, además, que el 21 de agosto de 2019, la parte recurrida ordenó la confiscación del vehículo bajo el fundamento de que el mismo estuvo relacionado con unos actos delictivos tipificados en el Artículo 5.06 de la Ley de Tránsito de Puerto Rico.

Asimismo, planteó que el vehículo confiscado no ha sido utilizado en actos delictivos relacionados al Artículo 5.06 de la Ley de Tránsito de Puerto Rico, ni de ninguna ley o estatuto confiscatorio que autorice la confiscación de una propiedad privada. Así, arguyó que la confiscación es improcedente, inválida, nula e ilegal. Añadió que, la confiscación y ocupación del vehículo se efectuó mediante violaciones a los derechos constitucionales del dueño del vehículo, sus ocupantes o de terceras personas con interés legal en el mismo, lo que anula, como cuestión de derecho, la confiscación.

El 22 de octubre de 2019, la parte recurrida presentó una *Contestación a Demanda*. Luego de varios incidentes procesales, innecesarios pormenorizar, el 5 de septiembre de 2024, la parte peticionaria presentó una *Moción Solicitando Sentencia Sumaria*. A grandes rasgos, enunció que procede dictar sentencia sumaria porque no existe controversia sustancial sobre los hechos materiales. Manifestó que por los hechos que motivaron la presente confiscación, José Iglesias Colón resultó culpable de violar el Artículo 5.07 de la Ley de Tránsito de Puerto Rico. Razonó que es evidente que el vehículo que da base a la presente causa de acción, en efecto fue utilizado para violar el Artículo 5.07 y no así el Artículo

5.06 de la Ley de Tránsito de Puerto Rico. Acentuó que la violación de ley que la parte recurrida utiliza como fundamento para la confiscación del vehículo, como cuestión de derecho, no constituye base legal para sostener la validez del procedimiento de confiscación civil.

Posteriormente, el 21 de enero de 2025, la parte peticionaria presentó una *Moción Solicitando Remedio y Reiterando Solicitud de Sentencia Sumaria*. El 11 de marzo de 2025, la parte recurrida presentó una *Moción en Cumplimiento de Orden*. Destacó que, en el caso de epígrafe no es de aplicación la doctrina de impedimento colateral por sentencia. Asimismo, afirmó que ausente evidencia conducente a derrotar la presunción de legalidad y corrección de una confiscación civil, no puede esta impugnarse por medio de una solicitud de sentencia sumaria que se funde exclusivamente en la doctrina de impedimento colateral por sentencia. Así pues, sostuvo que procede el señalamiento de una vista final de impugnación de confiscación para determinar si la parte peticionaria logra rebatir la presunción de legalidad y corrección establecida por la ley en torno a la confiscación.

Acto seguido, el 26 de junio de 2025, el foro primario emitió una *Resolución Interlocutoria,* notificada el 27 de junio de 2025, mediante la cual declaró *No Ha Lugar* la *Moción Solicitando Sentencia Sumaria* que presentó la parte peticionaria. En esta, el TPI determinó que la *Moción Solicitando Sentencia Sumaria* es una que carece de prueba objetiva admisible en derecho conducente a derrotar la presunción de legalidad y corrección de la confiscación *in rem.*

Además, expresó que junto a la solicitud de sentencia sumaria no se presentó prueba alguna que demuestre que hubo una adjudicación de carácter penal, civil o administrativo donde se demostrara que el día de los hechos, el conductor José Iglesias Colón, no hubiese utilizado el vehículo para la comisión del delito

por el cual se le realizó la confiscación del mismo. Agregó que la *Sentencia* emitida por el TPI en el cauce penal, solo expresa que José Iglesias Colón se declaró culpable del Artículo 5.07 de la Ley de Tránsito de Puerto Rico. Concluyó que dado a que el resultado del caso criminal no es lo esencial para determinar si se aplica la figura de impedimento colateral por sentencia, sino si el vehículo se utilizó para la comisión de actividad delictiva, no procede resolver el caso por la vía sumaria.

El 13 de julio de 2025, la parte peticionaria presentó una *Moción Solicitando Reconsideración a Resolución Interlocutoria.* Así las cosas, el 14 de agosto de 2025, la parte recurrida presentó una *Moción en Cumplimiento de Orden y en Oposición a Reconsideración.* Consecuentemente, el 15 de agosto de 2025, el foro primario emitió una *Orden* mediante la cual declaró *Sin Lugar* la solicitud de reconsideración.

Inconforme, el 14 de septiembre de 2025, la parte peticionaria compareció ante *nos* mediante un recurso de *Certiorari* y alegó la comisión del siguiente error:

> *Erró el Tribunal de Primera Instancia (TPI) al declarar "No Ha Lugar" la solicitud de sentencia sumaria presentada por la parte demandante y emitir una Resolución que NO CUMPLE con el mandato dispuesto en la Regla 36.4 de las de Procedimiento Civil y la jurisprudencia vigente.*

Examinado el recurso de *Certiorari,* el 16 de septiembre de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. El 26 de septiembre de 2025, la parte recurrida presentó un *Escrito en Cumplimiento de Resolución.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra*. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o

peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**III.**

Habida cuenta de que el recurso ante *nos* se trata de un *certiorari,* este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición.

En el caso ante nuestra consideración, la parte peticionaria consideró que erró el TPI al declarar *No Ha Lugar* la solicitud de sentencia sumaria y emitir una *Resolución* que no cumple con el mandato dispuesto en la Regla 36.4 de Procedimiento Civil y la jurisprudencia vigente.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial

está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así pues, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar puntillosamente el recurso presentado por la parte peticionaria, y luego de una revisión de la totalidad del expediente ante *nos*, específicamente de la *Resolución Interlocutoria* recurrida, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón Concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones